UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DEODONNE NTAWUSE ETTA,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.:  26cv0555-LL-MSB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

[ECF Nos. 1, 2]

Before the Court are Petitioner Deodonne Ntawuse Etta's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")] and Motion for Temporary Restraining Order [ECF No. 2]. Respondents filed a Return [ECF No. 5], and Petitioner filed a Traverse [ECF No. 6]. For the reasons set forth below, the Court **GRANTS** the Petition and **DENIES AS MOOT** the Motion for Temporary Restraining Order.

I.      BACKGROUND

Petitioner, a national of Cameroon, has been detained since he entered the United States without inspection on January 5, 2025 seeking asylum from political persecution. Pet. ¶¶ 6, 12–13; ECF No. 1-2, Declaration of Deodonne Ntawuse Etta ("Etta Decl."),

1

¶¶ 1–2; ECF No. 5-1 at 5–6. After Petitioner was apprehended and arrested, he was initially issued an expedited order of removal under 8 U.S.C. § 1225(b)(1) on January 5, 2025. ECF No. 5-1 at 8. However, on about January 29, 2025, after Petitioner was found to have a credible fear of persecution or torture if returned to Cameroon, he was issued a Notice to Appear, which initiated removal proceedings. ECF No. 5-1 at 11–13. On July 1, 2025, an immigration judge denied his claim for asylum but granted withholding of removal to Cameroon.[1] Pet. ¶ 15; ECF No. 5-1 at 15. Both Petitioner and the Department of Homeland Security waived appeal. ECF No. 5-1 at 18. Over six months have passed since Petitioner received a final order of removal on or before July 21, 2025. Pet. ¶¶ 16–17; Etta Decl. ¶ 4.

Petitioner attests that he has never refused to do something that U.S. Immigration and Customs Enforcement (ICE) has asked him to do to assist with his removal, including signing a Warning for Failure to Depart form with accompanying instructions for assisting ICE with his removal in October 2025, November 2025, December 2025, and on January 8, 2026. Pet. ¶¶ 17–18; Etta Decl. ¶¶ 6–8, 10. Petitioner also attests that ICE has never identified a third country that might accept him for removal, never asked him to sign any paperwork requesting removal to a third country, and never asked him to meet with the consulate of any third country. Etta Decl. ¶ 9.

On January 28, 2026, Petitioner filed the instant Petition and Motion for Temporary Restraining Order. Pet.; ECF No. 2.

## II.    LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United

---

[1] The immigration judge order is dated July 21, 2025, but it states that it is a summary of the oral decision entered on July 1, 2025. ECF No. 5-1 at 15.

26cv0555-LL-MSB

States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner contends that because he has been detained for over six months after receiving a final removal order and there is "no significant likelihood of removal in the reasonably foreseeable future," he is entitled to immediate release under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. ¶ 1; ECF No. 2 at 1. Petitioner also seeks to enjoin his removal to a third country without advance notice and an opportunity to be heard. Pet. ¶ 2; ECF No. 2 at 2. Respondents argue that Petitioner is properly detained under 8 U.S.C. § 1231(a). ECF No. 5.

### A.   Petitioner's Detention and *Zadvydas*

When a noncitizen has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for up to ninety days pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(1)–(2). This ninety-day period is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). After the removal period, this statute "limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner satisfies their initial burden, then the burden shifts to the government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the noncitizen's release may be "conditioned on any of the various

forms of supervised release that are appropriate in the circumstances." *Id.* at 700; *see* 8 U.S.C. § 1231(a)(3).

In Petitioner's case, it has been over six months since Petitioner's removal order became administratively final on or about July 21, 2025. Respondents acknowledge the six-month period has recently passed. ECF No. 5 at 5. Thus, the Court finds Petitioner's current detention is no longer "presumptively reasonable."

Petitioner now has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up) (citations omitted). However, Petitioner must offer more than "conclusory statements suggesting that he will not" be removed. *Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006); *Quassani v. Killian*, Case No. 2:17-cv-01678-APG-PAL, 2017 WL 3396506, at *2 (D. Nev. Aug. 4, 2017) (questioning "whether petitioner can meet his initial burden" given that he "has offered nothing more than conclusory statements with respect to the likelihood of his removal in the foreseeable future").

The Court finds Petitioner has met his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Petitioner cannot be removed to his home country because he was granted withholding of removal to Cameroon. Despite assisting ICE with his removal, ICE has never identified a third country that would accept Petitioner for removal. The Court finds this is sufficient to show "good reason." *See Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025) (finding that when people are granted a withholding of removal and cannot be deported to their country of origin, it "substantially increases the difficulty of removing" them).

The burden thus shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Respondents contend that "recent developments in international relations between the United States and several other countries" have made "probable" ICE's removal of immigrants who were previously unable to be removed to third countries. ECF No. 5 at 6. Respondents argue that ICE is diligently seeking a third country for Petitioner's removal; that San Diego Enforcement and Removal Operations (ERO) Field Office has contacted ERO's Removal and International Operations (RIO) for assistance in doing so and regularly sought updates. *Id.* at 3, 5–6. RIO has not identified a third country for Petitioner's removal, "but removal efforts remain ongoing." *Id.* at 6.

The Court finds Respondents have not shown there is a sufficient likelihood of removal in the reasonably foreseeable future. Despite Respondents' diligent efforts and assertions that what was previously rare is now probable, a third country has not been identified in over six months. These unsuccessful efforts are not evidence that success is likely to occur "in the reasonably foreseeable future." *See, e.g.*, *Souvannaseng v. Noem*, No. 3:25-CV-3473-CAB-DEB, 2025 WL 3641180, at *2 (S.D. Cal. Dec. 16, 2025) (finding a "vague assertion" that ICE was working diligently to effectuate a petitioner's removal, as well as statistics showing an increase in removals to petitioner's home country, was insufficient to show likelihood of removal in the reasonably foreseeable future); *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *4 (S.D. Cal. Dec. 10, 2025) (finding the respondents failed to rebut the petitioner's showing where "[r]espondents have not even identified a third country to which they plan to remove Petitioner, much less submitted a travel document or provided an estimate for how long it would take this unidentified third country to respond"); *Gilali v. Warden of McHenry Cnty. Jail*, No. 19-CV-837, 2019 WL 5191251, at *5 (E.D. Wis. Oct. 15, 2019) {"While the respondent asserts that [the petitioner's] travel document requests with both the Moroccan and Iraqi Consulates remain pending and ERO continues to follow up on the documents' status, this is insufficient" because "[i]t is merely an assertion of good-faith efforts to secure removal; it does not make removal likely in the reasonably foreseeable future."). Therefore,

26cv0555-LL-MSB

the Court finds that under *Zadvydas*, because Petitioner met his burden to show removal is not reasonably foreseeable and Respondents failed to rebut this showing, his continued detention is "unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700.

### B.   Third-Country Removal

Petitioner argues that current ICE policies "threatening Petitioner's unlikely, but potentially immediate, removal to an unidentified third country violates Petitioner's Fifth Amendment right to due process." Pet. ¶ 54. Petitioner notes that a July 9, 2025 ICE Memo allows removal of a noncitizen to a third country with no notice or an opportunity to be heard if the country has given credible "assurances" that the removed person will not be persecuted or tortured. ECF No. 1-3 at 2. The memo also states that even without assurances, third-country removal can occur with twenty-four hours' notice—or as little as six hours if the noncitizen is given an opportunity to speak with an attorney prior to removal—and the government "will <u>not</u> affirmatively ask whether the alien is afraid of being removed to the country of removal." *Id.* (emphasis in original).

Respondents oppose, arguing that ICE will provide adequate notice and an opportunity to be heard prior to removal to a third country by providing written notice of the intended third country and waiting twenty-four hours before removal, or six hours in "exigent circumstances" if the noncitizen is "provided reasonable means and opportunity to speak with an attorney prior to removal." ECF No. 5 at 8; ECF No. 5-2 ¶¶ 12–13.

"ICE may not remove a noncitizen to a country if the noncitizen's life or freedom would be threatened in that country because of the noncitizen's race, religion, nationality, membership in a particular social group, or political opinion." *See Aden v. Nielsen*, 409 F. Supp. 3d 998, 1007 (W.D. Wash. 2019) (citing 8 U.S.C. § 1231(b)(3)). "If the noncitizen expresses fear of persecution or harm upon return to any of the countries designated by the [immigration judge], the [immigration judge] must inform the noncitizen that he or she may apply for asylum, withholding of removal, or relief under the Convention Against Torture." *Id.* (citing 8 C.F.R. § 1240.11(c)(1)). "[B]oth the due process clause and the

governing statute place the burden on the government . . . to provide a meaningful opportunity to be heard on asylum and withholding claims." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) (quoting *Aden*, 409 F. Supp. 3d at 1010 (first alteration in original)). "Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016).

This Court agrees with the other courts in the Ninth Circuit who have held that the policies provided in the July 9, 2025 ICE memo violate due process and Ninth Circuit precedent. *See, e.g.*, *Giebashvili v. Noem*, No. 25-CV-3432-BJC-VET, 2026 WL 114422, at *3 (S.D. Cal. Jan. 15, 2026) (collecting cases); *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025) (citation omitted); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025) (collecting cases); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 728–29 (W.D. Wash. 2025); *see also A. A. R. P. v. Trump*, 605 U.S. 91, 95 (2025) ("[N]otice roughly 24 hours before removal, devoid of information about how to exercise due process rights to contest that removal, surely does not pass muster."). Respondents' description of the procedures in place for third-country removal is in agreement with the policies in the July 9, 2025 ICE Memo, and Respondents do not deny that the procedures in the memo are currently being enforced. The current procedure does not inform an individual subject to removal of his right to apply for withholding of deportation or of the opportunity to present any fear of persecution or harm upon return to the designated country; may provide no notice or opportunity to be heard if the United States receives certain assurances from the receiving country; and provides notice only twenty-four hours or less prior to removal. As such, the policies provided in the ICE memo, if implemented without further procedures, would

violate the noncitizen's due process rights. *See A. A. R. P.*, 605 U.S. at 95; *Andriasian*, 180 F.3d at 1041.

## IV. CONCLUSION

Based on the above, the Court **ORDERS** as follows:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**.[2]

2. Petitioner's Motion for Temporary Restraining Order [ECF No. 9] is **DENIED AS MOOT**.

3. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to supervision pursuant to 8 U.S.C. § 1231(a)(3), and return any original identity documents taken from him during his detention.

4. Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal and follow all applicable statutory and regulatory procedures.

5. Respondents are **ENJOINED** from removing Petitioner to a third country unless they adhere to the following procedures:

   a. provide written notice to Petitioner, in a language he can understand, and to his counsel;

   b. provide Petitioner a minimum of <u>ten days</u> to raise a fear-based claim for CAT protection prior to removal;

   c. if Petitioner demonstrates reasonable fear of removal to the country, Respondents must move to reopen Petitioner's removal proceedings;

/ / /

/ / /

/ / /

---

[2] In the Petition's prayer for relief [Pet. at 13], Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act, which the Court **DENIES WITHOUT PREJUDICE**.

d. if Petitioner is not found to have demonstrated a reasonable fear of removal to the country, Respondents must provide a meaningful opportunity, and a minimum of <u>fifteen days</u> for Petitioner to seek reopening of his immigration proceedings.

6. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  February 19, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv0555-LL-MSB